# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**

vs.  Case No. **1:19-cr-00539-CCB-1**

**Jason Lawrence Green**

\*\*\*\*\*\*

## MEMORANDUM AND ORDER

Defendant has filed a Motion for Reconsideration of the order of detention previously entered by this Court on November 25, 2019 (ECF No. 11) based on "changed circumstances" as permitted under Section 3142(f)(2)(B) of the Bail Reform Act, 18 U.S.C. 3142. (ECF No. 18). Defendant chiefly relies on the availability of an alternative third-party custodian as his "changed circumstance," along with information learned in the discovery process that gives additional context to some aspects of the Government's case. The Government has filed its Opposition (ECF No. 20) that: (1) challenges whether Defendant has presented valid "changed circumstances" under 3142(f)(2)(B) so as to permit the Court to even consider Defendant's request; and (2) argues that even if review of the Court's previous detention order is allowable, the Court should nonetheless conclude that detention is still appropriate.

As to the Government's first argument, the Court shares some of the Government's concerns about whether Section 3142(f)(2)(B)'s requirements of the information being both "not known" at the time of the original hearing and "material" to the question of detention are satisfied. For purposes of its analysis however, the Court will assume that it has the statutory ability to review its previous detention order. The more fundamental question is whether, considering the information offered by Defendant, it is sufficient to change the Court's previous analysis of the detention issue. As set forth more fully below, the Court finds it does not, and Defendant's Motion for Reconsideration is DENIED.

Defendant is charged in a five-count indictment with distribution and possession with intent to distribute a controlled substance (Count One), possession with intent to distribute a controlled substance (Counts Two, Three, and Four), and possession of firearms in furtherance of a drug trafficking crime (Count Five). (ECF No. 1). This stems from Defendant allegedly conducting a heroin distribution operation on the "dark web" using encrypted electronic communication and the U.S. Mail to sell heroin in significant quantities, including some to law enforcement in so-called "controlled buys." (ECF No. 20 at 1-2). A search of an apartment and storage unit leased by Defendant uncovered significant quantities of heroin, cutting agents, packaging materials, six firearms, and several thousand dollars in cash. *Id* at 2. Of significance, Defendant not only was able to keep this operation concealed from his many family members in the area (including the third-party custodians proposed at the detention hearing and in Defendant's current motion), but also was able to conduct these operations while

on supervised release (for one charge) and pretrial supervision (for a separate charge) which included 24/7 electronic monitoring. *Id*. at 3-4.

On November 25, 2019, the Court held a detention hearing. (ECF No. 10). At that detention hearing, pursuant to 3142(f), this Court heard argument to analyze the factors it must consider under 3142(g). Noting the nature of the allegations (involving significant quantities of controlled substances and the possession of firearms), the strength of the Government's proffer (which included controlled buys from Defendant by law enforcement), the presumption of detention for both the alleged drug crimes and firearms offense (for which there was probable cause), the recommendation of Pretrial Services against release, and Defendant's poor performance on community supervision as noted above, the Court ordered Defendant's detention, finding by clear and convincing evidence that there were no conditions or combination of conditions that would reasonably ensure community safety. (ECF No. 11; ECF No. 20-1). The Court reached this decision notwithstanding Defendant's relatively minor criminal history (with the exception of his second degree assault conviction).

Defendant's arguments are addressed in turn. First, Defendant noted the Court's concerns (in addition to those detailed above) that the proposed third-party custodian and her husband worked full time and would be unable to assist in supervision to the extent required even if, *arguendo*, the Court found release to be appropriate. (ECF No. 18 at 4-6). Defendant now proposes a different custodian who does not have work obligation, and the willingness of other family members to ensure that Defendant would not be left alone. *Id*. As even Defendant concedes however, this was just one of many of the Court's concerns, concerns that this Court expressed at the hearing would likely lead it to detention even if another custodian was proposed. These concerns have not abated. As mentioned, Defendant allegedly conducted his operation without family members detecting it, all while on supervised release and pretrial supervision with 24/7 GPS monitoring. As noted by the Government, that tool is no longer available to the Court during the COVID-19 event as installation would violate social distancing recommendations.

Defendant then argues that the discovery process has changed some aspects of the factual backdrop of the Government's allegations. Defendant argues that no discovery specifically links Defendant to personally stealing one of the six firearms found during the search. (ECF No. 18 at 6). This does not change the fact that Defendant was in possession of the stolen firearm (and five additional firearms). Defendant argues that at the time of the detention hearing, the suspected narcotics recovered from the searches had not yet been confirmed to be heroin (although the substances obtained in the controlled buys were). *Id* at 6-7. The Government now has those results, explaining in its Opposition that while some turned out to be cutting agents, there were still significant quantities of now-confirmed heroin at both search locations. (ECF No. 20 at 18-21). Accordingly, this does not meaningfully change the Court's calculus.

Finally, Defendant argues that the Government's surveillance does not show him brandishing any firearms or engaging in obvious drug sales (other than the controlled buys which were not part of the surveillance furnished). (ECF No. 18 at 7). That was not a claim by the Government at the hearing. Moreover, the surveillance did establish Defendant visiting the post office which was one key component in the alleged distribution operation.

The discovery materials do not establish that the Government's case is substantially different from its proffer, nor do they appear to the Court to undermine it in any significant sense other than a possible reduction in the available sentence to 20 years. In some ways, as pointed out by the Government with regard to the laboratory testing, the discovery enhanced aspects of the case. It would be a rare case where the discovery showed that the actual case so deviated from the proffer as to constitute a sufficient justification for release of a previously detained defendant. This is not that case.

Accordingly, Defendant's Motion to Reconsider is **DENIED**.

| 4/2/2020 | /s/ |
|---|---|
| Date | J. Mark Coulson |
| | United States Magistrate Judge |